MILK TANK SERVICE, INC., Plaintiff, *v.* BENJAMIN F. WOOD et al., Defendants.

Supreme Court, Special Term, Ulster County, October 12, 1951.

*Carter & Conboy* for Thomas Voit, defendant.

*Roy L. Featherstone* for plaintiff.

HAMM, J. The defendant Thomas Voit moves to examine the plaintiff *inter alia* as to '' whether or not the truck and cargo involved in the accident were insured and if so the name of the insurance company and the amount of the insurance.''

Section 210 of the Civil Practice Act as amended provides: '' Every action must be prosecuted in the name of the real party in interest, except that an executor or administrator, a

trustee of an express trust, *an insured person, corporation, joint-stock association or other unincorporated association which has executed to his insurer either a loan or subrogation receipt, trust agreement, or other similar instrument,* a person with whom or in whose name a contract is made for the benefit of another, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted.'' (Italics supplied.)

The portion italicized became effective September 1, 1950. (L. 1950, ch. 529.) To permit the examination as to insurance and thereby to allow the answers elicited to be read at the trial would defeat the purpose of the amendment of September 1, 1950.

The issues in this action are negligence, freedom from contributory negligence and damages. An examination before trial may not include within its scope subjects not in issue.

The defendant may, however, examine the plaintiff as to '' all of the relevant facts and circumstances in connection with the accident alleged in the complaint '' (*Myers* v. *New York Central R. R. Co.*, 277 App. Div. 745, 748).

If the parties are unable to agree as to the time when, place where and the person before whom the examination shall be held the order may be settled on notice.